1

2    **WO**

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8    Maurice Patterson,                          No. CV-13-01402-PHX-GMS

9                        Plaintiff,              **ORDER**

10   v.

11   Maricopa County,

12                      Defendant.

13

14          Pending before the Court is Plaintiff Maurice Patterson's Motion to Amend the

15   Pleading, (Doc. 14). For the reasons discussed below, the Court grants the Motion.

16          Patterson filed an action against Defendant Maricopa County (the "County") in the

17   Maricopa County Superior Court on July 1, 2013, alleging a state law negligence claim

18   and violations of his federal constitutional rights under the Fourth, Fifth, Sixth, Eighth,

19   and Fourteenth Amendments. (Doc. 1-1 (State Court Complaint) at 17.) On July 12, the

20   County removed the action to this Court under 28 U.S.C. §§ 1441(a) and 1446(b) based

21   on federal question jurisdiction. (Doc. 1 at 2.)

22          After removing the case to this Court, the County moved to dismiss the Complaint

23   with prejudice and without leave to amend. (Doc. 11.) In response, Patterson first moved

24   to amend his Complaint to remove the federal claims on July 29. (Doc. 9.) But the Court

25   denied Patterson's Motion for failure to comply with Local Rule 15.1 which required him

26   to include a redlined version of the amended pleading with the Motion. (Doc. 12.)

27          Patterson again moves to amend the Complaint. (Doc. 14). The proposed

28   amendments delete the federal law claims and allege additional state law claims arising

1   under the Arizona Constitution. (*See* Doc. 14 at 3–4.) Along with his Motion to Amend,

2   Patterson requests the Court to remand the action back to state court or, in the alternative,

3   allow him to voluntarily dismiss it without prejudice so that he may refile the action in

4   state court. (*Id.* at 1.)

5       A plaintiff may amend a complaint once as a matter of course within 21 days of

6   serving it. Fed. R. Civ. P. 15(a)(1)(A). After 21 days, a plaintiff may only amend a

7   complaint with the court's permission. The court "should freely give leave when justice

8   so requires." *Id.* 15(a)(2). Patterson first moved to amend within 21 days of the action's

9   removal to this Court but did not provide a redlined version of the Complaint. Because

10  Patterson has not yet amended his Complaint and provides his proposed amendments

11  with the current Motion, the Court will grant leave to amend.

12      The County contends that the Court had federal question jurisdiction over the

13  action at the time of removal; therefore, it requests the Court to exercise supplemental

14  jurisdiction over the state law claims and consider their merits even if the federal law

15  claims are now discarded. "In determining the existence of removal jurisdiction, based

16  upon a federal question, the court must look to the complaint *as of the time the removal*

17  *petition was filed.* Jurisdiction is based on the complaint as originally filed and not as

18  amended." *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1117 (9th Cir. 2002)

19  (quoting *O'Halloran v. Univ. of Wash.,* 856 F.2d 1375, 1379 (9th Cir. 1988)) (emphasis

20  in original).

21      Because Patterson alleged violations of his federal constitutional rights in his

22  original Complaint, the Court had jurisdiction at the time of removal. The Complaint as

23  amended, however, does not state such claims. A district court may decline to exercise

24  supplemental jurisdiction over a claim if it has dismissed all claims over which it has

25  original jurisdiction. 28 U.S.C. § 1367(c)(3). It is also in the interest of "economy,

26  convenience, fairness, and comity," *Brady v. Brown,* 51 F.3d 810, 816 (9th Cir. 1995),

27  that Patterson's state law claims arising under the Arizona Constitution be adjudicated in

28  state court.

1      **IT IS THEREFORE ORDERED** that Plaintiff Maurice Patterson's Motion to

2   Amend the Pleading, (Doc. 14), is **granted**.

3      **IT IS FURTHER ORDERED** that this action is remanded to state court. The

4   Clerk of Court is directed to remand this action back to the Maricopa County Superior

5   Court.

6      **IT IS FURTHER ORDERED** that Defendant Maricopa County's Motion to

7   Dismiss, (Doc. 11), is **denied as moot**.

8      Dated this 23rd day of September, 2013.

9

10

11

12   G. Murray Snow
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28